UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH MCMILLAN,

       Plaintiff,

v.                                    CASE NO:   8:10-cv-1561-T-33MAP

UAW-FORD LEGAL SERVICES PLAN,
et al.,

       Defendants.
_____/

### ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Remand (Doc. # 10).  Defendants filed a Brief in Opposition thereto (Doc. # 11).

## I.  Background

Plaintiff McMillan filed this action in state court against Vitas J. Lukas and his employer, UAW-Ford Legal Services Plan.  McMillan alleges a claim for legal malpractice based on Vitas J. Lukas' alleged failure to properly advise Geraldine Provost, who was provided estate planning legal services as a participant in her ERISA legal services benefit plan, about the documents necessary to accomplish her testamentary intentions, i.e., distributing $10,000 to one individual with the rest being left to McMillan.  McMillan alleges that the failure to properly advise Geraldine Provost

about the documents necessary to accomplish her testamentary intentions caused McMillan a significant financial loss. McMillan is not a plan participant in the legal services benefit plan discussed in this suit.

Defendants removed this action from state court asserting that the Complaint states a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. and in particular under 29 U.S.C. § 1132(a)(1)(B). McMillan now moves to remand the case to state court based on a lack of subject matter jurisdiction. Specifically, McMillan argues that the Complaint does not claim a violation of ERISA and her state law claim for legal malpractice is not super, or completely, preempted by ERISA.

## II.  Motion to Remand

In a case that has been removed, the defendant has the burden of showing the existence of subject matter jurisdiction by a preponderance of the evidence.  See Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1242 (11th Cir. 2001). Further, "all doubts about jurisdiction should be resolved in favor of remand to state court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)(citations omitted).

Defendants contend that this Court has federal question

2

subject matter jurisdiction over McMillan's claim because her claim is preempted by ERISA.   However, the Court finds that McMillan's claim is not preempted by ERISA, and as such, the Court will remand this case to state court.

In deciding whether it can exercise federal jurisdiction, a court applies the well-pleaded complaint rule whereby it looks to the face of the complaint to see if it states a federal question and does not look to any defenses asserted by the defendant.   Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).   McMillan clearly does not assert a violation of ERISA on the face of her Complaint.

A narrow exception to the well-pleaded complaint rule is "super, or complete, preemption existing when Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state court are 'necessarily federal in character' and removable based on federal question jurisdiction." Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 (11th Cir. 2003)(citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)).

Congress specifically intended for ERISA to preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" and expressly provided that ERISA be the exclusive cause of action for the recovery of

3

benefits under an ERISA plan.   29 U.S.C. § 1144(a); 29 U.S.C.

§ 1132(a).

If a claim is superpreempted by ERISA, then the Court has

subject matter jurisdiction over the claim.   As explained by

the Eleventh Circuit:

> ERISA superpreemption exists only when the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).   Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan.   Third, the defendant must be an ERISA entity.   Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan.

Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212

(11th Cir. 1999)(internal citations and quotation marks

omitted).[1]

_____

[1]"Not all state law claims are completely preempted and may be subject to ERISA defensive preemption only.   What is often confused is that these are two different questions.   The issue of complete preemption is jurisdictional; meaning, if the claims are not completely preempted, they are not properly removed and must be remanded to state court.   The defensive preemption issue, however, is substantive; therefore, either in state or federal court, when a state law claim is brought, the defendant may raise the defense that the claims are preempted by ERISA under § 1144, and should be dismissed. Super preemption, on the other hand, *recharacterizes* the state law claim into a federal claim under § 1132, so long as the ... *Butero* elements are present."   *Ervast*, 346 F.3d at 1014 (citations omitted; emphasis in original).

4

The question before the Court is whether McMillan's claim can be re-characterized as a federal claim under § 1132. Although the first three Butero elements are arguably met in this case, the Court finds that the fourth element has not been met.  The compensatory relief being sought by McMillan is not akin to relief available under ERISA.  If a plaintiff's state law claim is "actually (1) a claim for recovery of benefits due under the terms of the plan, (2) a claim seeking to enforce his rights under the terms of the plan, or (3) a claim for clarification of future benefits under the terms of the plan," then it is properly re-characterized as a federal civil action under § 1132(a) and properly preempted by ERISA. Ervast, 346 F.3d at 1014.  McMillan is not asserting a claim to benefits due under the terms of a plan; she is not seeking to enforce her rights under the terms of a plan; nor is she asserting a claim for clarification of future benefits under the terms of a plan.  In this case, McMillan is seeking to recoup the monetary value of the assets that she argues should have been passed to her had Geraldine Provost's intentions been properly carried out by Defendants.  In other words, the financial loss suffered by McMillan for which she seeks

5

compensation was not a loss of benefits under the plan.[2]
Having reached the conclusion that McMillan's claim cannot be
re-characterized as a federal claim under § 1132, the Court
finds that McMillan's claim is not preempted by ERISA and that
remand is appropriate.

## III.  Request for Costs and Attorney's Fees

McMillan also requests an award of attorney's fees and
costs incurred as a result of challenging the removal.  Title
28 U.S.C. § 1447(c) provides that "[a]n order remanding the
case may require payment of just costs and any actual
expenses, including attorney fees, incurred as a result of
removal."  It is completely within the Court's discretion
whether or not to award attorney's fees pursuant to this
statute.  Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286,
1295 (M.D. Fla. 2003).   However, "absent unusual
circumstances, attorney's fees should not be awarded when the
removing party has an objectively reasonable basis for
removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136
(2005).

_____

[2]Although there is an ERISA plan involved in the facts of
this case, the "presence of an ERISA plan within the facts of
a case does not, on its own, automatically subject the
litigant to federal question jurisdiction." Ervast, 346 F.3d
at 1014.

In this case, the Court cannot find that Defendants did not have an objectively reasonable basis for removal.  Given the factual circumstances surrounding the claim, including the involvement of an ERISA plan, the Court cannot find that it was unreasonable for Defendants to conclude that McMillan's claim was preempted by ERISA.  As such, her request for costs and attorney's fees is denied.

## IV.  Conclusion

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff's Motion to Remand (Doc. # 10) is **GRANTED** to the extent that the case will be remanded; however, Plaintiff's request for costs and attorney's fees is denied.

(2)   The Clerk is directed to remand this case to state court and then to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of March, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record